Noah G. Hillen, ISB No. 7690
CHAPTER 7 BANKRUPTCY TRUSTEE
P.O. Box 6538
Boise, Idaho 83707
Telephone (208) 297-5774
Facsimile (208) 297-5224
ngh@hillenlaw.com

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re: | Case No. 19-00351-TLM |
| | Chapter 7 |
| JANICEK, JOSHUA DALE | |
| JANICEK, SARAH J. | **STIPULATED MOTION AND AGREEMENT BETWEEN TRUSTEE AND J.R. SIMPLOT COMPANY FOR CARVEOUT AND SALE OF REAL PROPERTY** |
| Debtors. | |

Noah Hillen ("Trustee"), the chapter 7 trustee in this case, and the J.R. Simplot Company ("JRS") by and through its undersigned counsel of record, seeks approval of a carveout agreement regarding the real property ("Real Property") located at 1284 S. Gosling Way, Eagle, ID 83616, as follows:

1. During the 2018 crop year, JRS provided Blue Diamond Turf, LLC ("Blue Diamond") with crop inputs on an unsecured basis. In order to induce JRS to provide additional crop inputs for the 2019 crop year, among other accommodations, Blue Diamond agreed to execute a security agreement in favor of JRS for the significant sum it owed JRS.

2. On October 22, 2018, Blue Diamond executed a Secured Promissory Note (the "Note") in favor of JRS, in the principal amount of $561,145.75, together with accrued and unpaid interest of $23,195.79 that accrued through September 29, 2018. Blue Diamond agreed to make annual payments to JRS in the amount of $156,121.74, starting February 20, 2019.

3. Blue Diamond failed to pay JRS $156,121.74 on February 20, 2019 and has defaulted under the Note.

**STIPULATED MOTION AND AGREEMENT BETWEEN TRUSTEE AND J.R. SIMPLOT COMPANY FOR CARVEOUT AND SALE OF REAL PROPERTY - 1**

4. On October 30, 2018, Josh and Sarah Janicek ("Debtors") executed a Continuing Personal Guaranty (the "Guaranty") in favor of JRS, guaranteeing the Note. The Guaranty is also secured by a Deed of Trust encumbering the Real Property (the "Second Lien").

5. The Real Property is encumbered by a first priority lien (the "First Lien") in favor of First Interstate Bank, securing an indebtedness of approximately $195,000.

6. The Real Property is encumbered by the Second Lien, which secures an indebtedness of approximately $345,000.

7. The Real Property recently appraised for $522,000.

8. Rather than immediately initiate a foreclosure proceeding, JRS has elected to negotiate this carveout agreement with the Trustee and consent to the sale of the Real Property, subject to the terms and conditions set forth below.

9. Trustee and Simplot agree that Trustee may sell the Real Property pursuant to § 363(f) for at least an agreed upon minimum sale price that would satisfy the First Lien and all closing costs in full, as well as generate sufficient proceeds to materially reduce the obligation owed to JRS that is secured by the Second Lien ("Minimum Sale Price"). The Minimum Sale Price is not disclosed herein, as the Trustee wants to attempt to maximize the recovery to the estate. JRS has consented to a carveout for the estate as specified in paragraph (c) below. Should the bankruptcy estate close on a sale of the Real Property, the parties agree the sale proceeds shall be distributed as follows:

   a. First, in satisfaction of the First Lien;

   b. Second, in satisfaction of all realtor fees (estimated at 6%), closing costs, title insurance fees, home owner association fees, irrigation assessments, real estate taxes, and all other reasonable costs of sale;

**STIPULATED MOTION AND AGREEMENT BETWEEN TRUSTEE AND J.R. SIMPLOT COMPANY FOR CARVEOUT AND SALE OF REAL PROPERTY - 2**

    c. Third, the bankruptcy estate shall be entitled to a carveout of 8% of the remaining sale proceeds after payment of paragraphs (a) and (b) above;

    d. Fourth, with all remaining funds being paid to JRS up to the value of the Second Lien;

    e. Fifth, should any funds remain after the Second Lien is satisfied, those funds shall be paid to the bankruptcy estate

10. If the bankruptcy estate is unable to close on a sale of the Real Property by March 16, 2020, then JRS shall be granted relief from the automatic stay to exercise its state law rights, including foreclosure, regarding the Real Property, effective March 17, 2020.

11. Accordingly, JRS and Trustee ask this Court to enter an order approving the proposed carveout agreement between Trustee and JRS.

DATED October 16, 2019.

/s/ Noah G. Hillen
Chapter 7 Bankruptcy Trustee

DATED October 16, 2019.

HAWLEY TROXELL

/s/ Sheila Schwager
Attorneys for J.R. Simplot Co.

**STIPULATED MOTION AND AGREEMENT BETWEEN TRUSTEE AND J.R. SIMPLOT COMPANY FOR CARVEOUT AND SALE OF REAL PROPERTY - 3**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 16, 2019, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

**Craig W Christensen**    cwc@racinelaw.net, monique@racineolson.com

**Patrick John Geile**    pgeile@foleyfreeman.com, abennett@foleyfreeman.com;r59345@notify.bestcase.com

**Daniel C Green**    dan@racinelaw.net, mcl@racinelaw.net

**Michael R Johnson**    mjohnson@rqn.com, dburton@rqn.com;docket@rqn.com

**R Ron Kerl**    Ron@cooper-larsen.com, kelli@cooper-larsen.com,bobbi@cooper-larsen.com

**Janine Patrice Reynard**    jpr@magicvalleylaw.com

**Sheila Rae Schwager**    sschwager@hawleytroxell.com, cdavenport@hawleytroxell.com

**US Trustee**    ustp.region18.bs.ecf@usdoj.gov

**Brent Russel Wilson**    bwilson@hawleytroxell.com, cdavenport@hawleytroxell.com

**Jeffrey M Wilson**    jeff@wilsonmccoll.com, louis@wilsonmccoll.com

AND, I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants via U.S. Mail, Postage Prepaid:

Attached matrix.

/s/ Noah G. Hillen
Chapter 7 Bankruptcy Trustee

**STIPULATED MOTION AND AGREEMENT BETWEEN TRUSTEE AND J.R. SIMPLOT COMPANY FOR CARVEOUT AND SALE OF REAL PROPERTY - 4**